Exhibit "A"

DOCUMENT 1

ELECTRONICALLY FILED
6/20/2024 3:33 PM
02-CV-2024-901582.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>02<br>Date of Filing:   Judge Code:<br>06/20/2024 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**IRBY CAPITAL, LLC v. THE BURLINGTON INSURANCE COMPANY**

| First Plaintiff: | ☑ Business | ☐ Individual | First Defendant: | ☑ Business | ☐ Individual |
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES   ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**<br>BEN028 | 6/20/2024 3:33:09 PM<br>Date | /s/ THOMAS HART BENTON JR.<br>Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
6/20/2024 3:33 PM
02-CV-2024-901582.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **IRBY CAPITAL, LLC,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO.:** _____ |
| | * | |
| **THE BURLINGTON INSURANCE COMPANY,** | * | |
| **Defendant.** | * | |

## COMPLAINT

COMES NOW, Irby Capital, LLC, Plaintiff in the above-styled cause and files the following Complaint against Defendant The Burlington Insurance Company:

1.      This is an action for breach of contract (wherein Plaintiff will seek appraisal of the amount of the loss via a motion to compel appraisal) pursuant to the property insurance policy that was issued by Defendant to Plaintiff.

2.      Plaintiff Irby Capital, LLC ("Irby") is an Alabama limited liability company located at 503 Government Street, Mobile, AL 36602.

3.      Defendant The Burlington Insurance Company ("Burlington") is an insurance company headquartered in Burlington, NC, doing business in Mobile, AL.

4.      At all relevant times, Burlington provided a policy of insurance, number HMP0006587 (the "Policy"), to Irby, which covered the scheduled properties (the "Properties") against perils including wind and provided the following coverages: $8,905,120.00 for Building.

5.      The Policy contains an appraisal provision which states as follows:

1

**Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

6.      On or around September 16, 2020, the Properties sustained significant wind damage due to Hurricane Sally.

7.      Irby promptly reported the loss to Burlington, who assigned it claim number 11093468 (the "Claim").

8.      Burlington sent field inspectors to assess damage to the Properties.

9.      Burlington's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Alabama's proof of loss requirements.

10.      Burlington acknowledged that Irby suffered a covered loss and issued payment in the total amount of $376,226.37.

11.      As a result of Burlington's failure to timely and adequately compensate Irby for its covered loss, it was forced to incur the expense of retaining counsel and other expenses to prosecute its claim.

12.      Irby's counsel retained ATA Loss Consulting, LLC ("ATA") to inspect the Properties and value the total wind damage due to Hurricane Sally.

13.      ATA valued the total amount of loss due to Hurricane Sally at $4,290,720.63, exclusive of interest, attorney's fees, and costs.

2

14.     Based on the vast disagreement between the parties as to the amount of the loss, Irby invoked the Policy's "appraisal clause" by demanding appraisal on or about February 5, 2024.

15.     Burlington has failed to respond to this appraisal demand and in turn has refused to comply with its contractual duty to participate in appraisal. In an abundance of caution, Irby again invokes the "appraisal clause" in the Policy and demands an appraisal of the amount of the loss.

16.     Irby has complied with all post-loss obligations to entitle Irby to appraisal of the amount of the loss (appraisal is ripe) and otherwise recover under the Policy and bring the instant cause, or the conditions have been waived by Burlington.

17.     Prior to the initiation of this action, Burlington was afforded every opportunity to investigate the claim and otherwise indemnify Irby.

18.     As a result of Burlington's failure to timely and adequately compensate Irby for its substantial losses, the Properties generally remain in a state of disrepair.

19.     Upon information and belief, Burlington's failure to timely and adequately compensate Irby for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

20.     Upon information and belief, Burlington manipulated its pricing software to artificially suppress the cost of repairs below market value.

21.     Upon information and belief, Burlington purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

22.     Irby will incur additional expenses in repairing the Properties because of Burlington's failure to timely compensate Irby for its substantial and covered losses.

DOCUMENT 2

## COUNT ONE:
### Breach of Contract

23.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1-22 of the Complaint as if set forth fully and completely herein.

24.     Plaintiff has now suffered covered losses under the Policy.

25.     Defendant Burlington breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

> a.  Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;
>
> b.  Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing;
>
> c.  Failing to include adequate overhead and profit in its estimates of damages; and
>
> d.  Failing to participate in the appraisal process once Plaintiff demanded.

26.     Defendant Burlington breached its contract of insurance with the Plaintiff which has caused Plaintiff to suffer damage, including but not limited to the amounts owed under the contract of insurance that has not been paid to Plaintiff, lost income due to the delay in adjusting the claim, mental anguish and emotional distress.

WHEREFORE, the above premises considered, Plaintiff demands judgment against the Defendant Burlington for compensatory damages exceeding $50,000, plus attorney's fees and costs of court.

Respectfully submitted,

/s/ Thomas H. Benton, Jr.
THOMAS H. BENTON, JR. (BEN028)

4

OF COUNSEL:

Benton Law Firm, LLC
169 Dauphin Street, Suite 301
Mobile, AL 36602
(251) 604-1123 Direct Dial
tom@benton-law.com

## DEFENDANT TO BE SERVED VIA CERTIFIED MAIL BY CLERK:

CITYPLACE II, 185 ASYLUM STREET
7TH FLOOR
HARTFORD, CT 06103-3408

5



AlaFile E-Notice

02-CV-2024-901582.00

To:  THOMAS HART BENTON JR.
Tom@benton-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY
02-CV-2024-901582.00

The following complaint was FILED on 6/20/2024 3:33:10 PM

Notice Date:      6/20/2024 3:33:10 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

DOCUMENT 3



**USPS CERTIFIED MAIL**

**9214 8901 7301 4102 2400 0974 99**

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET   9TH*
*FLOOR, N TOWER*
*MOBILE, AL, 36644*

**02-CV-2024-901582.00**

To:  THE BURLINGTON INSURANCE COMPANY
185 ASYLUM STREET
7TH FLOOR
HARTFORD, CT 06103

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY**
**02-CV-2024-901582.00**

The following complaint was FILED on 6/20/2024 3:33:10 PM

Notice Date:       6/20/2024 3:33:10 PM

**SHARLA KNOX**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL 36644

251-574-8420

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2024-901582.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY

**NOTICE TO:** THE BURLINGTON INSURANCE COMPANY, 185 ASYLUM STREET 7TH FLOOR, HARTFORD, CT 06103

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS HART BENTON JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 5 DAUPHIN STREET, SUITE 301, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of  IRBY CAPITAL, LLC
pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 06/20/2024 | /s/ SHARLA KNOX | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ THOMAS HART BENTON JR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on _____

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |
|---|---|---|

DOCUMENT 5

ELECTRONICALLY FILED
6/20/2024 4:24 PM
02-CV-2024-901582.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

Revised 1-1-014; 4-1-99; 11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| _____ | * | |
| _____ | * | |
| Plaintiff(s) | * | |
| Vs. | * | CIVIL ACTION NO. _____ |
| _____ | * | DATE COMPLAINT FILED: _____ |
| _____ | * | |

Defendant(s)

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which hall be filed not later than 270 days after the filing of the complaint. If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will contain the following information:

(1)    The date the complaint was filed;

(2)    That the issues in this cause have been defined and joined;

(3)    That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)    That a jury demand has or has not been demanded;

DOCUMENT 5

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore.  Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible.  Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority.  Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

## 1.    EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

DOCUMENT 5

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.    If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.    DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.    Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or grounds relied on.

## 5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.    JURY INSTRUCTIONS

a.    If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.    JURY SELECTION

a.    Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.    DUTY TO SUPPLEMENT DISCOVERY

a.    All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

DOCUMENT 5

should be done not less than 30 days before trial.

## 9.    MOTIONS GENERALLY

a.    If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

## 11.    CONFLICTS

a.    In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.

Done this _____ day of _____

_____
Presiding Judge, S. Wesley Pipes

DOCUMENT 6



AlaFile E-Notice

02-CV-2024-901582.00

Judge: JAY A YORK

To:  BENTON THOMAS HART JR.
Tom@benton-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY
02-CV-2024-901582.00

The following matter was FILED on 6/20/2024 4:24:49 PM

Notice Date:     6/20/2024 4:24:49 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901582.00

Judge: JAY A YORK

To:  THE BURLINGTON INSURANCE COMPANY (PRO SE)
185 ASYLUM STREET
7TH FLOOR
HARTFORD, CT, 06103-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY
02-CV-2024-901582.00

The following matter was FILED on 6/20/2024 4:24:49 PM

Notice Date:      6/20/2024 4:24:49 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

DOCUMENT 7

 **UNITED STATES POSTAL SERVICE**

July 2, 2024

Dear Circuit Clerk:

| **UJS Information** | |
|---|---|
| Case Number: 02-CV-2024-901582.00 | Intended Recipient: |
| Document Type: Complaint | THE BURLINGTON INSURANCE COMPANY (D001) |
| Restricted Delivery Requested: No | 185 ASYLUM STREET |
| | 7TH FLOOR |
| | HARTFORD, CT 06103 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2400 0974 99.**

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | July 2, 2024, 10:19 am |
| **Location:** | HARTFORD, CT 06103 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | L. S٩ ⠀⠀ Lıs٩ |
| Address of Recipient: | 185 ASYLUM ST FL 7, HARTFORD, CT 06103 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

DOCUMENT 8



AlaFile E-Notice

02-CV-2024-901582.00

Judge: JAY A YORK

To:  BENTON THOMAS HART JR.
Tom@benton-law.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY
02-CV-2024-901582.00

The following matter was served on 7/2/2024

**D001 THE BURLINGTON INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



**AlaFile E-Notice**

02-CV-2024-901582.00

Judge: JAY A YORK

To: THE BURLINGTON INSURANCE COMPANY (PRO SE)
185 ASYLUM STREET
7TH FLOOR
HARTFORD, CT, 06103-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

IRBY CAPITAL, LLC V. THE BURLINGTON INSURANCE COMPANY
02-CV-2024-901582.00

The following matter was served on 7/2/2024

**D001 THE BURLINGTON INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420