IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **IRBY CAPITAL, LLC,** | * | |
| | * | |
| Plaintiff, | * | **CIVIL ACTION NUMBER:** |
| | * | |
| v. | * | **1:24-cv-00259** |
| | * | |
| **THE BURLINGTON INSURANCE** | * | Removed from Mobile County Circuit |
| **COMPANY,** | * | Court, CV 2022-CV-901582 |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW, Defendant The Burlington Insurance Company ("Burlington"), by and through undersigned counsel, without waiving the rights and defenses available to it, and responds to Plaintiff's Complaint as follows:

1. Burlington is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Complaint. Hence, said allegations are denied and Burlington demands strict proof thereof.

2. Admitted, upon information and belief.

3. Denied. Burlington is headquartered in Connecticut and does business in Alabama. The remaining allegations set forth in paragraph number 3 of Plaintiff's Complaint are denied and Burlington demands strict proof.

4. Admitted that Burlington issued a policy of insurance to Plaintiff. The policy speaks for itself. The remaining allegations set forth in paragraph number 4 of Plaintiff's Complaint are denied and Burlington demands strict proof.

5. Denied as stated. The policy speaks for itself.

6. Denied and Burlington demands strict proof thereof.

7. Admitted, upon information and belief.

8. Denied as stated. Burlington sent engineers to assess the damages alleged to the properties.

9. Denied as stated and Burlington demands strict proof thereof. The allegations contained in this paragraph are also denied to the extent that they are intended to suggest and/or imply any wrongdoing on the part of Burlington.

10. Admitted.

11. Denied and Burlington demands strict proof thereof. The allegations contained in this paragraph are also denied to the extent that they are intended to suggest and/or imply any wrongdoing on the part of Burlington.

12. Admitted, upon information and belief.

13. Burlington is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Complaint. Hence, said allegations are denied and Burlington demands strict proof thereof.

14. Denied as stated and Burlington demands strict proof thereof.

15. Denied as stated and Burlington demands strict proof thereof. The terms of the policy speak for itself.

16. Denied and Burlington demands strict proof thereof.

17. Denied as stated and Burlington demands strict proof thereof. The policy speaks for itself.

18. Denied and Burlington demands strict proof thereof.

19. Denied and Burlington demands strict proof thereof.

20. Denied and Burlington demands strict proof thereof.

21. Denied and Burlington demands strict proof thereof.

22. Denied and Burlington demands strict proof thereof.

**COUNT ONE:**
**Breach of Contract**

23. Burlington reasserts and realleges all of its responses asserted herein as if set out in full.

24. Denied.

25. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

26. Denied.

WHEREFORE, Burlington denies it is liable for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it might be entitled.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Burlington denies all allegations of the Complaint to the extent that they are not expressly admitted above.

**THIRD AFFIRMATIVE DEFENSE**

Burlington's obligations are defined by and limited to the terms, conditions, provisions, definitions, endorsements, and exclusions of the subject insurance policy.

**FOURTH AFFIRMATIVE DEFENSE**

Burlington acted reasonably, in good faith, and in accordance with industry standards at all times.

**FIFTH AFFIRMATIVE DEFENSE**

Burlington reasonably investigated, evaluated and reviewed any and all claims for insurance benefits made by the Plaintiff

**SIXTH AFFIRMATIVE DEFENSE**

Burlington had a legitimate, arguable, or debatable reason for its handling of any claim by the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Burlington fulfilled its obligations under the Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Burlington did not deny, fail to pay, or refuse to pay insurance benefits owed under the subject policy.

**NINTH AFFIRMATIVE DEFENSE**

Burlington denies that it breached any contract with the Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Burlington denies that it breached any duty owed to the Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to fulfill conditions precedent to bring suit against Burlington.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent and/or assumed the risk; therefore, its claims for damages are barred

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not injured by any act or omission of Burlington.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered damages, it failed to mitigate same; hence, it ought not recover.

## SIXTEENTH AFFIRMATIVE DEFENSE

Burlington denies committing any wrongful act or omission against the Plaintiff that would support an award of compensatory damages and/or attorney's fees and costs of court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Burlington denies that the Plaintiff was injured/damaged to the extent claimed and contests the damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of accord and satisfaction.

## TWENTIETH AFFIRMATIVE DEFENSE

Burlington denies that it was guilty of conduct or inaction that proximately caused or contributed to the cause of Plaintiff's damages. There is a lack of causal relation between Plaintiff's alleged injuries and any conduct on the part of Burlington.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert any and all other affirmative defenses that may be applicable or may become discovered during the pendency of this matter.

Respectfully submitted on this 26th day of August 2024.

/s/ Mark A. Dowdy
D. GREG DUNAGAN  (DUNAD5372)
MARK A. DOWDY (DOWDM7115)
*Attorneys for Defendant,*
*The Burlington Insurance Company*

OF COUNSEL:
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:    (251) 626-9340
Facsimile:    (251) 626-8928
gdunagan@carrallison.com
mdowdy@carrallison.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this 26th day of August. 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I served a copy of the foregoing by electronic mail on the following attorneys of record:

Thomas H. Benton, Jr.
Benton Law Firm, LLC
169 Dauphin Street, Suite 301
Mobile, AL  36602

                                  */s/ Mark A. Dowdy*
                                  OF COUNSEL